IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, the STATE OF GEORGIA, THE STATE OF IOWA, THE STATE OF INDIANA, THE STATE OF MINNESOTA, THE STATE OF OKLAHOMA, and THE STATE OF TEXAS, *ex rel.* MATTHEW CIESZYNSKI, | ) ) ) ) ) ) ) | Case No. 13-cv-04052<br><br>Hon. Sidney Schenkier<br><br>JURY TRIAL DEMANDED |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LIFEWATCH SERVICES, INC., | ) ) | |
| Defendant. | ) | |

### Plaintiff-Relator's Motion to Require Defendant to Participate in a Discovery Planning Conference

Plaintiff-Relator Matthew Cieszynski ("Relator") respectfully moves pursuant to Federal Rules of Civil Procedure 26 and 27 for an order directing Defendant Lifewatch Services Inc. ("Lifewatch") to participate in a Rule 26 discovery planning conference, stating in support as follows:

### Procedural History

1. This action was filed, under seal, on May 31, 2013, pursuant to the False Claims Act, 31 U.S.C. § 3729, and analogous state statutes, seeking to recover damages and civil penalties on behalf of the United States and the states of Georgia, Iowa, Indiana, Minnesota, Oklahoma, and Texas.

2. The case was unsealed in December 2014, and Relator promptly served Lifewatch with the Complaint. *See* Dkt No. 15.

3. Lifewatch moved to dismiss Relator's Complaint in March 2015, and Relator filed an Amended Complaint in April 2015. *See* Dkt Nos. 23, 37.

4. After Relator filed his Amended Complaint, the Court set an initial status conference for June 2, 2015. *See* Dkt No. 36.

## Background

5. Lifewatch provides remote heart monitoring services to help doctors diagnose and treat serious heart conditions, and it receives many millions of dollars each year from government healthcare programs for that work.

6. As alleged in Relator's Amended Complaint, it is illegal for Lifewatch to bill government health insurance programs for services performed outside of the United States, and it is also illegal to bill for services performed by technicians who lack proper certification. *See* Dkt. No. 37 ¶¶ 1, 37-42, 48-57.

7. Nonetheless, Lifewatch routinely bills various government insurance programs for serviced performed by technicians located in India, some of whom are not properly certified. *See* Dkt No. 37 ¶¶ 2, 33-35. In doing so, Lifewatch falsely certifies that it is complying with applicable laws and rules and, in doing so, violates the False Claims Act.

8. Lifewatch's motion to dismiss Relator's original complaint did not, and could not, dispute that the Medicare statute expressly prohibits payments for services "which are not provided within the United States." *See* 42 U.S. Code § 1395y(a)(4).

9. Instead, Lifewatch initially moved to dismiss Relator's complaint on the grounds that: (a) Relator's Complaint did not identify any express false

statements or claims that Lifwatch made to the government in connection with a claim for payment; (b) although Relator alleged that it was illegal to bill various government insurance programs for work performed by technicians in India and for work performed by technicians who lacked proper certification, Relator's Complaint did not allege with specificity that government insurers other than Medicare prohibit payment for such work; and (c) Relator's Complaint did not adequately allege that Lifewatch presented claims to government insurers other than Medicare. *See* Dkt No. at 6-10.

10.     Relator filed an Amended Complaint in response to Lifewatch's motion to dismiss.

## ARGUMENT

11.     Relator has asked Lifwatch to participate in a discovery planning conference, so that the parties can discuss a proposed discovery schedule, and so that written discovery can begin.

12.     Lifewatch has refused to participate in the discovery process until the Court rules on its forthcoming motion to dismiss the Amended Complaint, explaining that it believes there are "certain legal determinations that the Court should be able to make at an early stage which will significantly impact on the scope of appropriate discovery." Ex. A, email exchange.[1]

---

[1] In addition to the attached email exchange, the parties had previously discussed by telephone Lifewatch's position that discovery should be stayed pending a decision on its motion to dismiss.

3

13. Contrary to Lifewatch's position, however, discovery is not typically stayed pending a motion to dismiss. *See, e.g., SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988). "Instead, a stay of discovery is generally appropriate only when a party raises a potentially dispositive threshold issue such as a challenge to a plaintiff's standing, or pending resolution of qualified immunity claims." *See New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *1 (N.D. Ill. Feb. 20, 2013) (internal citations omitted).

14. A stay is not appropriate in this case because Lifewatch does not challenge Relator's standing, and it has not raised any other threshold issues such as qualified immunity. Moreover, Relator's Amended Complaint contains substantial, detailed allegations of fraudulent conduct, and it is unlikely to be dismissed. Indeed, as noted above, Lifewatch does not dispute that Medicare expressly prohibits payment for services performed outside the United States, and Relator's Amended Complaint addresses Lifewatch's other primary arguments for dismissal. *See O'Conner v. Eden Mgmt. LLC*, No. 13 C 7391, 2014 WL 5761138, at *2 (N.D. Ill. Nov. 4, 2014) ("The HFS Defendants' motion to stay is predicated on the assumption that their motion to dismiss will be granted. But that is pure speculation at this juncture. Plaintiffs' first amended complaint is, in part, an effort to address some of the issues that the HFS Defendants raised in their first motion to dismiss Plaintiffs' original complaint. That motion to dismiss was mooted by the filing of the first amended complaint. The Court cannot conclude

4

that the legal arguments raised by the HFS Defendants in support of their new motion to dismiss are so rock solid or incontrovertible that they should not have to respond to Plaintiffs' discovery while the motion to dismiss is under advisement.")

16. Here, Lifewatch not only wants to stay discovery, but also refuses to participate in a discovery planning conference until its forthcoming motion to dismiss is resolved.

16. Relator respectfully submits that the parties and the Court would benefit from the parties having a Rule 26(f) planning conference before the upcoming June 2, 2015 status conference so that they can discuss the scope of discovery in this case, including electronic discovery, and so that they can present the Court with a proposed discovery schedule at the initial status conference.

## Conclusion

17. Wherefore, for the reasons set forth above, Relator respectfully requests that the Court enter an order directing Lifewatch to participate in a Rule 26(f) discovery planning conference.

Respectfully submitted,

/s/ Scott Rauscher
Michael Kanovitz
Jon Loevy
Scott Rauscher
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
Phone: (312) 243-5900
Fax: (312) 243-5902
Attorneys for Plaintiff/Relator

5